UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DAVID PERALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:06-CV-078-C |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff David Perales seeks judicial review of a decision of the Commissioner of Social Security, denying his application for Disability Insurance Benefits (DIB). The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment.

**I.   Standard of Review**

A district court's role in reviewing Social Security appeals is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were used to evaluate the evidence. 42 U.S.C. § 405(g); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence that a reasonable mind might accept as adequate to support the

Commissioner's decision. *Watson*, 288 F.3d at 215 (citation omitted). If the court finds that the decision is supported by substantial evidence, it is conclusive and must be affirmed. *Id*. A finding of no substantial evidence is appropriate only if no credible evidentiary choices exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

## II.     Issues Presented

The Administrative Law Judge (ALJ) concluded that Perales was not disabled at the fifth step of the sequential disability analysis. The ALJ's decision was based on his determination that Perales retained the residual functional capacity to perform limited light work activity and on testimony from a vocational expert that there were a significant number of jobs in the national economy that Perales could perform at such exertional level. (Tr. 14-16.) Perales argues that the ALJ erred in disregarding relevant medical evidence and failed to consider the totality of the medical evidence, failed to prove that jobs exist in the national economy that he could perform, disregarded his subjective complaints of pain, and erred in not finding that he met the criteria of a listed impairment in the Commissioner's regulations.

## III.    Discussion

Perales' arguments do not require remand. In his argument regarding the ALJ's consideration of the evidence, Perales contends that the ALJ disregarded medical evidence and opinion that he cannot work. However, he does not identify which medical evidence and opinions he believed the ALJ disregarded, and a review of the records demonstrates that no such evidence and opinions exist. The medical records consist of records from an orthopedic surgeon showing that Perales underwent arthrodesis for degenerative arthritis in his right hip

2

in 1998 which has remained stable. (Tr. 89, 95, 106-07.) The medical records also show that Perales underwent a microlumbar discectomy in 1999, and there is nothing in the record to indicate that the procedure was not successful. (Tr. 99, *passim*.) In 2000 an orthopedic surgeon noted that Perales' hip was in good position and recommended that he take anti-inflammatory medication for pain in his back. (Tr. 12, 99, 106-07.)

The remaining medical records consist of two consultation examinations which were undertaken at the Commissioner's request. On November 25, 2003, Walter V. Hyde, M.D., examined Perales and reported in part that he was able to sit, stand, and move about without difficulty and walked without assistive devices. (Tr. 110.) The only difficulty Dr. Hyde believed Perales would encounter was with lifting objects weighing more than ten pounds on a regular basis. *Id*. Lakhu J. Rohra, M.D., examined Perales on May 4, 2005. (Tr. 122-31.) According to Dr. Rohra, Perales was not limited in his ability to lift and carry objects; was not limited in his ability to sit; could stand or walk six hours during an eight-hour workday; but could only occasionally climb stairs, crouch, crawl, and stoop. (Tr. 128-29.) Dr. Rohra did not believe Perales' impairments imposed manipulative, communicative, or environmental limitations. (Tr. 130-31.)

The limitations indicated in the opinions offered by Drs. Hyde and Rohra are encompassed in the ALJ's residual functional capacity determination. The ALJ determined that Perales could perform light work activity that would allow the opportunity to alternate between sitting and standing, that would not require climbing, crawling, kneeling, or squatting, that only occasionally required stooping and crouching, and that could be

3

performed by a person having less than a moderate concentration deficit.[1] (Tr. 14; *compare* Tr. 110, 128-30.)  Thus, the ALJ not only considered all the medical evidence in the record, but he also adopted the only medical opinions in the record regarding Perales' functional abilities.  His residual functional capacity determination is therefore supported by substantial evidence.

The ALJ's determination that Perales could perform jobs that exist in significant numbers in the national economy is also supported by substantial evidence.  At the fifth step of the sequential disability analysis the Commissioner carries the burden of showing that, considering the claimant's age, education, and past work experience, he or she can perform other work.  *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001) (citing 20 C.F.R. § 404.1520(f)); *see also Harrell v. Bowen*, 862 F.2d 471, 478 (5th Cir. 1988).  Once the Commissioner identifies alternative work the claimant can perform, the burden shifts back to the claimant to show that he cannot perform the identified work.  *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990) (citing *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987)).  In meeting the Commissioner's burden the ALJ may rely upon the expertise of a vocational expert in resolving the issue as to whether the claimant's work skills can be used in other occupations and in identifying the specific occupations in which they may be used.  20 C.F.R. § 404.1566(e) (2006).

---

[1] Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing *up to* ten pounds.  20 C.F.R. § 404.1567 (2006).  Dr. Hyde indicated that it would be difficult for Perales to lift and carry objects weighing *more than* ten pounds on a regular basis and did not indicate whether he could lift up to twenty pounds.  (Tr. 100.)

In this case, the ALJ posed a hypothetical question to the vocational expert in which he incorporated Perales' functional limitations and demographic information and inquired whether such an individual would be capable of performing work. (Tr. 145-46.) In response, the vocational expert identified jobs that exist in the national economy that Perales could perform, and the ALJ relied on the vocational expert's testimony in determining that Perales was not disabled. (Tr. 15-16, 146.)  The ALJ's reliance on the vocational expert's testimony was correct, and Perales has not offered evidence that would rebut the conclusion that he can perform the identified jobs; therefore, Perales cannot prevail on his argument. *See Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir. 2002).

Perales' argument that the ALJ erred in disregarding his subjective complaints of pain is without merit.  In this case, the ALJ applied the credibility analysis required under 20 C.F.R. § 404.1529 and Social Security Ruling 96-7p to the facts of this case and concluded that Perales was not credible. (Tr. 13-14.)  In reaching this conclusion the ALJ acknowledged that Perales had chosen to limit his daily activities but that there was nothing in the objective medical records that would have necessitated his decision to do so. (Tr. 14.) He also noted that Perales testified that he was covered under a medical insurance policy and that his failure to seek "palliative treatment (medication, therapy, or any other form of medical care)" belied the degree of pain he alleged and undermined his credibility. *Id*. Perales complains that the ALJ did not address the fact that he had been told by a treating physician that he should not undergo another surgical procedure for his hip. He contends that he was under the assumption that the surgical procedure was his last hope for recovery and

5

there was therefore no point in continuing to see physicians because he assumed they had done all they could do.

The ALJ did not err. First, the ALJ acknowledged that a physician advised Perales that further surgical intervention was not recommended for his hip. (Tr. 13.) The fact that Perales was advised against undergoing another surgery for his hip does not compel a conclusion that he was precluded or discouraged from seeking other forms of medical treatment to alleviate the pain he alleged. Second, the ALJ must weigh the objective medical evidence and assign articulated reasons for discrediting the claimant's subjective complaints of pain. *Abshire v. Bowen,* 848 F.2d 638, 642 (5th Cir. 1988). Additionally, the type and dosage of medication a claimant takes to alleviate pain as well as the types of treatment he undergoes are factors the ALJ must consider when determining the claimant's allegations of pain. 20 CFR § 404.1529(c)(3); *see also* S.S.R. 96-7p; *see Carrier v. Sullivan*, 944 F.2d 243, 246-47 (5th Cir. 1991) (That a claimant does not take medication for pain is relevant in determining whether pain is disabling). The fact that Perales did not seek medical treatment or pain medication to manage the pain he alleges was relevant to the ALJ's credibility analysis and, as the ALJ found, undermined his credibility.

The responsibility for determining whether pain is disabling lies with the ALJ and his decision in this regard is entitled to considerable judicial deference. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *Hollis v. Bowen*, 837 F.2d 1378, 1384 (5th Cir. 1988) (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987)). Even in a case in which the evidence indicates a mixed record concerning a claimant's health problems and their

limitations upon his ability to work, it is the ALJ's responsibility to weigh the evidence; the court is then charged with determining whether there is substantial evidence in the record as a whole to support the ALJ's determination. *Chambliss*, 269 F.3d at 523. In this case, there is substantial evidence in the record to support the ALJ's decision.

Finally, there is substantial evidence to support the ALJ's determination that Perales' impairments did not meet the criteria of a listed impairment. Perales argues that he has a combination of medically determinable impairments that satisfy the criteria of a listed impairment and claims that his impairments present marked restrictions in daily activities, marked difficulties in maintaining social functioning, frequent deficiencies in concentration, persistence, and pace, and repeated episodes of deterioration or decompensation in work-like settings. Such restrictions and limitations, however, are criteria necessary to show a claimant suffers from an affective disorder. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.04. Perales has not alleged and the records do not show that he suffered from an affective disorder or any other mental disorder. Further, the fact that Perales did not work for three years is not relevant to whether his impairments meet the criteria of a listed impairment; the claimant is required to show with medical evidence that each of the criteria of a specific listing are met. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). Perales has not pointed to medical evidence that would establish that he meets the criteria of a listed impairment.

## IV.     Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court affirm the Commissioner's decision and

dismiss Perales' complaint.

## V. Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within 10 days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within 10 days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: October 12, 2006.

_____
NANCY M. KOENIG
United States Magistrate Judge